# CHARLESTON.

GEORGE W. LUZZADOR *et al v.* CAROLINE V. BROWN,
GIDEON J. KERNS and R. F. CHANEY

(No. C. C. 347)

Submitted April 14, 1925. Decided June 9, 1925.

SCHOOLS AND SCHOOL DISTRICTS—*Declaration Alleging That Board of Education Wilfully and Knowingly Paid Money for Transporting School Children, Who Were Not Transported, Held Good on Demurrer.*

A declaration in an action brought under section 12 of chapter 28-A of the Code, alleging that a Board of Education wilfully and knowingly made payment of money for the transportation of school children, when the children were not in fact transported, charges an act in violation of law, and is good on demurrer.

(Schools and School Districts, 35 Cyc. p. 1051).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified case from Circuit Court, Taylor County.

Action by George W. Luzzador and others against Caroline V. Brown and others. After sustaining demurrer to declaration, court certified case.

·    *Judgment reversed; demurrer overruled.*

*G. W. Ford* for plaintiffs.

*O. E. Wyckoff* and *Robinson, Warder & Robinson* for defendants.

HATCHER, JUDGE:

This is an action of debt for the sum of $897.50 brought in the circuit court of Taylor county. The plaintiffs are taxpayers of Fetterman School District of said county, who sue for the use and benefit of the Board of Education of said district. The defendants are members of said Board.

The declaration alleges that, in 1922 and 1923, the defendants, acting as the Board aforesaid, paid out of the funds of Fetterman district the sum of $867.50 to the Board of Education of Grafton Independent School District (another school district of said county), for the transportation of certain children of school age, residents of Fetterman district, who had been transferred to, and attended high school in said Grafton district during the school year commencing July 1, 1922; that in 1923, the defendants as the Board aforesaid, also paid out of the funds of Fetterman district the sum of $30.00 to the Board of Education of Fairmont Independent School District (a school district of Marion County) for the transportation of one child of school age, a resident of Fetterman district, who had been transferred to, and attended a high school in Fairmont district during the school year commencing July 1, 1923; that in fact, as the defendants "well knew," neither the Board of Education of the Fairmont district, the Board of Education of the Grafton district, nor any one for either Board, transported any of the children aforesaid, either to or from the respective schools they attended, and that the payments for their trans-

portation were wilfully made without authority of, and in violation of the laws of West Virginia.

The circuit court sustained the demurrer to the declaration, and upon the joint application of the parties hereto, certified the case here for our decision on the following questions:

1. Is the declaration good on its face?

2. Does section 58 of chapter 45 of the Code authorize Boards of Education in districts which do not maintain a high school to pay transportation charges for pupils who attend high school in another district?

3. Does any other section of chapter 45 of the Code authorize such expenditure?

This action is brought under section 12 of chapter 28-A of the Code, which makes it unlawful for the Board of Education to expend any money not expressly authorized by law. This section also provides that any taxpayer of a school district may, in his name prosecute proper action, for the use and benefit of the school district, against the individual members of the Board of Education thereof to recover from them any money expended without authority of law.

Section 58 of chapter 45 of the Code authorizes a school board

"* * * to provide at public expense for the transportation of pupils to and from such consolidated schools or other schools, where transportation of pupils may be necessary."

But neither this, nor any other statute confers the right on a Board of Education to pay arbitrary transportation charges for a pupil when in fact *the pupil was not transported.*

Therefore, taking as true (as we must do on demurrer) the allegations in the declaration that the Fetterman Board wilfully and knowingly paid money to the other two Boards for so-called transportation when in fact no children were transported, then the payments of the Fetterman Board in regard thereto were in violation of law. The declaration is

subject to technical criticism, but states a case on demurrer, under chapter 28-A of the Code.

We do not consider that the allegations in the declaration call for answer to questions 2 and 3 certified by the lower court, the gist of this action being not whether a Board of Education has authority to pay transportation charges for pupils, but whether such Board can pay out money and justify it as a transportation charge when in fact no transportation was had.

The judgment of the circuit court is therefore reversed, and the demurrer to the declaration overruled.

*Judgment reversed; demurrer overruled.*